UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID KAUFMANN,<br><br>    Plaintiff,<br><br> v.<br><br>ARENA PHARMACEUTICALS, INC., AMIT D. MUNSHI, GARY A. NEIL, TINA S. NOVA, JAYSON DALLAS, OLIVER FETZER, KIERAN T. GALLAHUE, JENNIFER JARRETT, KATHARINE KNOBIL, NAWAL OUZREN, and STEVEN SCHOCH,<br><br>    Defendants, | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff David Kaufmann ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Arena Pharmaceuticals, Inc. ("Arena" or the "Company") and Arena's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Pfizer, Inc. through its wholly-owned subsidiary Antioch Merger Sub, Inc. (collectively "Pfizer").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on January 3, 2022. The Proxy recommends that Arena stockholders vote in favor of a proposed transaction (the "Proposed

1

Transaction") whereby Arena is acquired by Pfizer. The Proposed Transaction was first disclosed on December 13, 2021, when Arena and Pfizer announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Pfizer will acquire all of the outstanding shares of common stock of Arena for $100 per share (the "Merger Consideration"). The deal is valued at approximately $6.7 billion and is expected to close in the first half of 2022.

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections prepared by Arena management, as well as the financial analyses conducted by Evercore Group L.L.C. ("Evercore") and Guggenheim Securities, LLC ("Guggenheim"), Arena's financial advisors.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to Arena's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Arena's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Arena.

6. Defendant Arena is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 136 Heber Avenue, Suite

204, Park City, Utah 84060. Arena common stock trades on the NASDAQ under the ticker symbol "ARNA."

7. Defendant Amit D. Munshi has been President and Chief Executive Officer ("CEO") of the Company since May 2016, and a director of the Company since 2016.

8. Defendant Garry A. Neil has been Chair of the Board since February 2021, and a director of the Company since 2017.

9. Defendant Tina S. Nova has been a director of the Company since 2004. Defendant Nova previously served as Chair of the Board from June 2016 to February 2021, and as the Board's lead independent director from 2015 to 2016.

10. Defendant Oliver Fetzer has been a director of the Company since 2017.

11. Defendant Kieran T. Gallahue has been a director of the Company since 2018.

12. Defendant Jennifer Jarrett has been a director of the Company since 2017.

13. Defendant Katharine Knobil has been a director of the Company since 2020.

14. Defendant Nawal Ouzren has been a director of the Company since February 2021.

15. Defendant Steven Schoch has been a director of the Company since June 11, 2021.

16. Nonparty Pfizer is a corporation organized and existing under the laws of the State of Delaware. Pfizer's principal executive offices are located at 235 East 42nd Street, New York, NY 10017. Pfizer common stock trades on the New York Stock Exchange under the ticker symbol "PFE."

17. Nonparty Antioch Merger Sub, Inc. is a Delaware corporation and is a wholly owned subsidiary of Pfizer.

**JURISDICTION AND VENUE**

18. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange

Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

19. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

20. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

**A. Background of the Company and the Proposed Transaction**

21. Arena is a clinical stage biopharmaceutical company founded in 1997. Arena's therapeutic focus is on the gastroenterology, dermatology, and cardiovascular fields. The Company has developed treatments for Crohn's disease, alopecia areata, atopic dermatitis, eosinophilic esophagitis, acute heart failure, and pain associated with irritable bowel syndrome.

22. On December 12, 2021, the Company entered into the Merger Agreement with Pfizer.

23. According to the press release issued on December 13, 2021 announcing the Proposed Transaction:

**Pfizer to Acquire Arena Pharmaceuticals**

*Proposed acquisition offers potentially new, differentiated best-in-class approach to address unmet need for a broader number of patients with immuno-inflammatory diseases*

*Expands innovative pipeline potentially enhancing growth through 2025 and*

4

*beyond*

***Transaction valued at $100 per Arena share in cash, for a total equity value of approximately $6.7 billion***

***Pfizer to host analyst and investor call at 10am EST today with Pfizer I&I executives***

NEW YORK AND PARK CITY, UTAH, December 13, 2021 – Pfizer Inc. (NYSE: PFE) and Arena Pharmaceuticals, Inc. (Nasdaq: ARNA) today announced that the companies have entered into a definitive agreement under which Pfizer will acquire Arena, a clinical stage company developing innovative potential therapies for the treatment of several immuno-inflammatory diseases. Under the terms of the agreement, Pfizer will acquire all the outstanding shares of Arena for $100 per share in an all-cash transaction for a total equity value of approximately $6.7 billion. The boards of directors of both companies have unanimously approved the transaction.

Arena's portfolio includes diverse and promising development-stage therapeutic candidates in gastroenterology, dermatology, and cardiology, including etrasimod, an oral, selective sphingosine 1-phosphate (S1P) receptor modulator currently in development for a range of immuno-inflammatory diseases including gastrointestinal and dermatological diseases.

"The proposed acquisition of Arena complements our capabilities and expertise in Inflammation and Immunology, a Pfizer innovation engine developing potential therapies for patients with debilitating immuno-inflammatory diseases with a need for more effective treatment options," said Mike Gladstone, Global President & General Manager, Pfizer Inflammation and Immunology. "Utilizing Pfizer's leading research and global development capabilities, we plan to accelerate the clinical development of etrasimod for patients with immuno-inflammatory diseases."

Arena has built a robust development program for etrasimod, including two Phase 3 studies in ulcerative colitis (UC), a Phase 2/3 program in Crohn's Disease, a planned Phase 3 program in atopic dermatitis, and ongoing Phase 2 studies in eosinophilic esophagitis and alopecia areata.

In UC, the randomized, placebo-controlled, dose-ranging, Phase 2 study (OASIS) evaluated the efficacy and safety of etrasimod in moderate to severe UC patients over 12 weeks versus placebo. In the study, most patients who achieved clinical response, clinical remission, or endoscopic improvement at week 12 experienced sustained or improved effects up to week 46 with etrasimod 2 mg in the open-label extension. Etrasimod also demonstrated a favorable benefit/risk profile, consistent with safety findings reported in the double-blind portion of OASIS. The findings are encouraging as there remains significant unmet need for safe and effective oral therapies in UC for patients with inadequate response, loss of response, or

intolerance to conventional or advanced therapies. The OASIS trial supported the advancement of the ELEVATE UC 52 and UC 12 trials, which are currently fully enrolled, and for which data are expected in 2022.

In addition, Arena's pipeline includes two development-stage cardiovascular assets, temanogrel and APD418. Temanogrel is currently in Phase 2 for the treatment of microvascular obstruction and Raynaud's phenomenon secondary to systemic sclerosis. APD418 is currently in Phase 2 for acute heart failure.

"We're delighted to announce Pfizer's proposed acquisition of Arena, recognizing Arena's potentially best in class S1P molecule and our contribution to addressing unmet needs in immune-mediated inflammatory diseases," said Amit D. Munshi, President and Chief Executive Officer of Arena. "Pfizer's capabilities will accelerate our mission to deliver our important medicines to patients. We believe this transaction represents the best next step for both patients and shareholders." Pfizer expects to finance the transaction with existing cash on hand.

Under the terms of the merger agreement, Pfizer will acquire all of the outstanding shares of Arena common stock for $100 per share in cash. The proposed transaction is subject to customary closing conditions, including receipt of regulatory approvals and approval by Arena's stockholders.

### B. The Materially Incomplete and Misleading Proxy

24. On January 3, 2022, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

*Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

25. The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Evercore's fairness opinion, Evercore "reviewed the Projections relating to Arena prepared and furnished to Evercore by management of Arena, as approved for Evercore's use by Arena."

Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Arena's management provided to the Board and Evercore. The Proxy also indicates that in connection with the rendering of Guggenheim's fairness opinion, Guggenheim "reviewed certain non-public business and financial information regarding Arena's business and future prospects (including the Projections) and certain other estimates and other forward-looking information, all as prepared and approved for Guggenheim Securities' use by Arena's senior management."

26. Notably, Defendants failed to disclose the line item entries for the Company's: (a) Risk Adjusted Total Revenue; (b) EBIT; and (c) Unlevered Free Cash Flow. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Evercore's and Guggenheim's Financial Analyses*

27. With respect to Evercore's *Discounted Cash Flow Analysis,* the Proxy fails to disclose: (a) the "unlevered, after-tax free cash flows" for the 2022 through 2040 fiscal years; (b) the estimated terminal year "unlevered, after-tax free cash flows"; (c) the Company's terminal values; (d) the present value of tax savings from the Company's use of its net operating losses; and (e) the key data, inputs, and assumptions that form the basis of the range of discount rates applied by Evercore.

28. With respect to Evercore's *Selected Transactions Analysis*, the Proxy fails to disclose Arena's estimated revenue for the 2026 fiscal year.

29. With respect to Evercore's *Selected Public Company Trading Analysis,* the Proxy fails to disclose the financial metrics and multiples for each company included in the analysis. The Proxy also fails to disclose Arena's estimated revenue for the 2026 fiscal year.

30. With respect to Evercore's *Equity Research Analyst Price Targets* analysis, the

Proxy fails to disclose the specific price targets studied as part of the analysis. The Proxy also fails to disclose the sources of the price targets.

31. With respect to Guggenheim's *Arena's Discounted Cash Flow Analysis*, the Proxy fails to disclose: (a) the "risk-adjusted, after-tax unlevered free cash flows" for Arena; (b) Arena's "terminal year normalized after-tax unlevered free cash flow; (c) the Company's terminal values; and (d) the key data, inputs, and assumptions underlying the range of discount rates applied by Guggenheim.

32. With respect to Guggenheim's *Arena Wall Street Equity Research Analyst Stock Price Targets* analysis, the Proxy fails to disclose the specific price targets studied as part of the analysis. The Proxy also fails to disclose the sources of the price targets.

33. With respect to Guggenheim's *Premiums Paid in Selected Precedent Merger and Acquisition Transactions* analysis, the Proxy Statement fails to disclose: (a) the transactions observed; and (b) the individual premiums observed for each of the transactions.

34. This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

35. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

36. Specifically, the Individual Defendants undoubtedly reviewed the contents of the

Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

37. Further, the Proxy indicates that on December 12, 2021, Evercore and Guggenheim reviewed with the Board their financial analyses of the Merger Consideration and delivered to the Board their oral opinions, which were confirmed by delivery of written opinions of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to Arena stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Evercore's and Guggenheim's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

38. Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

39. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

40. Defendants have filed the Proxy with the SEC with the intention of soliciting Arena stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

41. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Arena, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

42. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

43. Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; and (ii) the value of Arena shares and the financial analyses performed by Evercore and Guggenheim in support of their fairness opinions.

44. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Evercore and Guggenheim reviewed and discussed their financial analyses with the Board during various meetings including on December 12, 2021, and further states that the Board considered Evercore's and Guggenheim's financial analyses and fairness opinions in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified

above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

45. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

46. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of Arena within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Arena and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

50. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

51. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to

the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to Arena stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

   B. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

   C. In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

   D. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

   E. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

   F. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: January 17, 2022  **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*